

FILED & JUDGMENT ENTERED
Steven T. Salata

September 7 2016

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 16-50331 |
| | ) | |
| **RICHARD ANTHONY FOLEY** | ) | |
| **LINETTE FOLEY,** | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER OVERRULING OBJECTION TO EXEMPTIONS**

THIS MATTER is before the court on the Objection to Exemptions (the "Objection") filed by the Chapter 7 Trustee (the "Trustee"). For the reasons set forth below, the court overrules the Trustee's Objection.

**Background**

1. The Debtors filed a Chapter 7 petition on May 27, 2016.

2. On their Schedule A/B, the Debtors listed five insurance policies (collectively, the "Insurance Policies"). According to the Debtors' schedules, the male Debtor owns three of the policies with cash values totaling $108,072.75, and the

female Debtor owns two of the policies with cash values of $8,762.52. The beneficiaries of the Insurance Policies are testamentary trusts created by each Debtor's will for the benefit of the other Debtor or their son. The Objection did not indicate whose lives are insured by the Insurance Policies, and the Insurance Policies were not introduced into evidence.[1]

3. Each Debtor's Last Will and Testament ("Will"), which are virtually identical to each other, calls for the creation of a testamentary trust. The second section of each Will leaves the residue of each Debtor's estate in trust and directs the trustee to expend income and principal as the trustee deems advisable "for the health, maintenance and support" of each Debtor's spouse and, upon the spouse's death, their son. The fifth section of each Will, which deals with management provisions, authorizes the trustee to "compromise claims" and "[t]o make loans to, and to buy property from, my or my spouse's executors, administrators or trustees." This section also permits the trustee to pay agents and professionals.

4. On their Schedule C, the Debtors claimed the cash value in the Insurance Policies exempt pursuant to N.C. GEN. STAT. § 1C-1601(a)(6). The Trustee timely filed her Objection to the Debtors' exemptions.

---

[1] The court assumes the male Debtor's life is insured by the policies he owns, and the female Debtor's life is insured by the policies she owns.

2

**Discussion**

5. The state statute pursuant to which the Debtors seek to exempt their life insurance policies, N.C. Gen. Stat. § 1C-1601(a)(6), refers directly to Article X, Section 5 of the North Carolina State Constitution, which provides:

> A person may insure his or her own life for the sole use and benefit of his or her spouse or children or both, and upon his or her death the proceeds from the insurance shall be paid to or for the benefit of the spouse or children or both, or to a guardian, free from all claims of the representatives or creditors of the insured or his or her estate. Any insurance policy which insures the life of a person for the sole use and benefit of that person's spouse or children or both shall not be subject to the claims of creditors of the insured during his or her lifetime, whether or not the policy reserves to the insured during his or her lifetime any or all rights provided for by the policy and whether or not the policy proceeds are payable to the estate of the insured in the event the beneficiary or beneficiaries predecease the insured.

6. In instances such as this where the insured-debtor's beneficiary is a trust, the constitutional protection for insurance policies still applies if the language of the trust restricts use of the insurance proceeds to the "sole use and benefit" of the debtor's spouse, children, or both. In re Foster, No. 11-02711-8-JRL, 2011 WL 5903393, at *2 (Bankr. E.D.N.C. Nov. 1, 2011). In applying the exemption statute, the court is mindful of North Carolina's long-standing precedent that exemptions are to be construed liberally. Elmwood v. Elmwood, 295 N.C. 168, 185, 244 S.E.2d 668, 678 (1978) (citing Goodwin v. Claytor, 137 N.C. 24, 49 S.E. 173 (1904)).

3

7. As the party objecting to the allowance of the Debtors' exemptions, the Trustee bears the burden of demonstrating that the exemptions are not properly claimed. FED. R. BANKR. P. 4003(c). In her Objection, the Trustee argues that because section five of each Will permits the trustee to "compromise claims," to use trust funds to make loans to and buy property from the other spouse's executors, administrators, or trustees, and to pay agents and professionals, the text of the Wills does not limit the trustee to making disbursements for the "sole use and benefit" of the beneficiaries.

8. In support of her argument, the Trustee relies on Foster and In re Eshelman, No. 11-08925-8-SWH, 2012 WL 1945709 (Bankr. E.D.N.C. May 30, 2012). In Foster, the Court held that where a trust authorized payment to the decedent's unsecured creditors, it exceeded the boundaries of "sole use and benefit" contemplated by Article X, Section 5 of the Constitution of North Carolina. Foster, 2011 WL 5903393, at *2. Similarly, in Eshelman, the trust permitted the trustee, in its discretion, to pay claims against the decedent's estate. Eshelman, 2012 WL 1945709, at *2. The Eshelman court concluded that that provision was sufficient to demonstrate that the insurance proceeds were not for the sole use and benefit of the policy owner's spouse, children, or both. Id.

9. This court disagrees with the Trustee's analysis and concludes that the language of the Wills should be construed to restrict use of the insurance proceeds to the sole use and benefit

4

of each Debtor's spouse and children. First, the court notes that the language in the Wills at issue in this case is more vague and ambiguous than the language in Foster and Eshelman. For example, it allows the Trustee to "compromise claims" and pay agents and professionals without specifying what claims and whose agents and professionals. In contrast, the trust in Foster gives the Trustee the specific discretion to pay the Grantor's unsecured debts. In Eshelman, the trust provides that the Trustee shall make available funds necessary to pay claims against the decedent's estate. The plainest reading of the "compromise claims" language in the Wills is that the trustees are granted authority to compromise claims against the trusts or secured by trust property, as opposed to claims against the insured.

10. More importantly, the Wills in this case begin by directing the trustee to expend income and principal as the trustee deems advisable "for the health, maintenance and support" of each Debtor's spouse and, upon the spouse's death, their son.[2] Therefore, anything the trustee is directed to do is on the condition that it is for the health, maintenance, and support of each Debtor's spouse and their son. That conclusion is bolstered by the inclusion of the following introductory language in section five of the Wills: "[i]n extension and not in limitation of the powers given them by law or other

---

[2] There is no mention of similar language in the trusts at issue in the Foster and Eshelman cases.

5

provisions of this instrument . . . my executor and trustee shall have the following powers with respect to all property."[3]

11. While, strictly speaking, the language does not restrict the respective trustee's abilities to apply the insurance funds to the "sole use and benefit" of the respective beneficiaries, it is close enough, particularly when construing the "sole use and benefit" language liberally in favor of the exemption.

12. For all of these reasons, the court concludes that the language of each Will is consistent with the purpose of Article X, Section 5 of the Constitution of North Carolina and overrules the Trustee's Objection.

**So ordered.**

**This Order has been signed electronically.**          **United States Bankruptcy Court**
**The judge's signature and the court's seal**
**appear at the top of the Order.**

---

[3] In light of the language directing the trustee to expend income and principal for the health, maintenance, and support of the decedent's spouse and/or son, it is unclear how giving the trustee discretion to pay claims against the decedent's estate would be contrary to the exemption statute, particularly if paying those claims results in benefit to the spouse and son. The purpose of Article X, Section 5 of the North Carolina Constitution is to protect the insurance proceeds from the claims of the creditors of the insured. Giving a trustee discretion to pay those claims does not defeat that purpose. Contra Eshelman, 2012 WL 1945709, at *2. In addition, as a practical matter, once the decedent's estate has gone through probate, it is unclear to the court what claims against the decedent would be left to be paid.

6